314 So.2d 924

Willie WILSON

v.

STATE.

4 Div. 327.

Court of Criminal Appeals of Alabama.

June 17, 1975.

Billy J. Sheffield, Dothan, for appellant.

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State, appellee.

BOOKOUT, Judge.

Carnal knowledge of a girl under age twelve: sentence, ninety-nine years imprisonment.

The State's evidence was that the appellant had sexual relations in June of 1974 with his ten-year-old daughter. His wife testified that the girl was ten years of age and that she had made complaint to her about her father molesting her. Her mother took her to a physician, who testified at the trial that he found contusions or bruising in the vaginal area.

The child testified as to the sex act forced upon her by her father in June of 1974 and on other occasions. She had not complained until after the June incident because her father had threatened that he would "half kill" her if she did.

The appellant's sister testified that she had caught the victim and the appellant's twelve-year-old son having sex during the summer of 1974.

The appellant testified in his own behalf and emphatically denied the charge. He said he had caught his twelve-year-old son having intercourse with the girl and that he "whipped" them. He was going to take the son to a psychiatrist, but his wife threatened to leave him if he did. His wife had left him on several occasions.

I

The judgment entry in the original record proper on appeal did not reveal whether the jury set the punishment. We issued a writ of certiorari to correct the record, and the circuit clerk's return contained a full and complete judgment entry showing the following verdict:

"  .   .   . 'We, the Jury, find the Defendant, Willie Wilson, guilty of Carnal Knowledge as charged in the Indictment. We fix his punishment at imprisonment in the Penitentiary for 99 years,'  .  .  . "

At the conclusion of the State's evidence, there was no motion to exclude.

There was likewise no written requested charges, no exception to the court's oral charge and no motion for a new trial. The State made out a prima facie case. The sufficiency of the evidence is not now reviewable. *Eady v. State,* 48 Ala.App. 726, 267 So.2d 516 (1972).

We have considered the entire record pursuant to Title 15, Section 389, Code of Alabama 1940, including:

(a) The clerk's certificate;

(b) The court reporter's certificate;

(c) Statement of the organization of the court;

(d) The indictment;

(e) The judgment entry;

(f) Each ruling of the trial judge adverse to the appellant.

From such examination, we conclude there is no error in the record prejudicial to the appellant.

Affirmed.

TYSON, HARRIS and DeCARLO, JJ., concur.

CATES, P. J., not sitting.